1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                         SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  KEITH WILLIAMS, | Civil No.      05cv2150-J (CAB) |
| 12                                         Petitioner, | |
| 13          v. | **REPORT AND RECOMMENDATION TO DENY PETITIONER'S MOTION TO AMEND THE PETITION** |
| 14  C.M. HARRISON, Warden, |  |
|                                         Respondent. | **[Doc. No. 32]** |

16          Petitioner, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus

17 pursuant to 28 U.S.C. § 2254.  Before the Court is Petitioner's Motion to Amend the Petition.  [Doc. No.

18 32.]  For the reasons discussed below, this Court **RECOMMENDS** that the Motion to Amend be

19 **DENIED**.

20                                   **I.  Procedural Background**

21          Petitioner filed his Petition on November 18, 2005.  [Doc. No. 1.]  On January 26, 2006,

22 Petitioner attempted to file a document he entitled, "motion to enlarge writ of habeas corpus."  Having

23 reviewed the document, it appeared to the Court that Petitioner had wanted to lodge the California

24 Supreme Court's denial of his appeal as an exhibit to his current Petition.  Therefore, the Court accepted

25 the document on a discrepancy order and construed the document as a "lodgment of exhibits in support

26 of petition for writ of habeas corpus."  [Doc. No. 10.]  On March 1, 2006, Respondent filed an Answer

27 to the Petition.  [Doc. No. 12.]

28 ///

                                            1

On April 24, 2006, Petitioner filed a Motion for Leave to Amend the Petition. [Doc. No. 21.] While the motion was not entirely clear, it appeared Petitioner wished to amend the Petition to include claims contained in the document Petitioner previously filed on January 26, 2006. Because it was not clear to the Court what claims Petitioner wanted to add, the Court denied Petitioner's request without prejudice. [Doc. No. 24.] The Court instructed Petitioner that he could file a renewed motion to amend the Petition, clearly stating what claims he wished to add to the current Petition. Petitioner filed the Renewed Motion to Amend the Petition on June 14, 2006. [Doc. No. 32.] Respondent filed an opposition on June 30, 2006. [Doc. No. 34.]

## II. New Claims Petitioner Wishes to Add

The original Petition stated the following claims for relief: 1) the trial court denied Petitioner his due process rights when the court gave the jury oral instructions on duress but failed to give the instructions to the jury in written form; and 2) Petitioner was denied his right to a fair and impartial jury, because the prosecutor excluded minorities from the jury.

The claims Petitioner wishes to add to the Petition are: 1) ineffective assistance of appellate counsel; 2) the prosecution should not have admitted the gun-used evidence during trial, because it was prejudicial; 3) his Sixth Amendment right to cross-examine and confront witnesses Marcus Brown and Irene Wolberg were violated, because they were unavailable; 4) insufficiency of evidence on an underlying felony charge; and 5) the trial court committed prejudicial error by not instructing the jury on voluntary and involuntary manslaughter. (Renewed Mot. to Am. Pet. 2-3.)

Respondent argues that Petitioner should not be granted leave to amend the Petition, because the new claims do not relate back to the claims in the original Petition. (Opp. 4.)

## III. Discussion

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 11, Fed. R. Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied in habeas corpus proceedings to the extent that the rules of civil procedure are not inconsistent with any statutory provision or with the rules governing habeas cases); Fed. R. Civ. P. 81(a)(2) (providing that the Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus "to the extent that the practice

05cv2150

1  in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254

2  Cases, or the Rules Governing Section 2255 Proceedings").

3        Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once

4  as a matter of course before a responsive pleading is served and may seek leave of court to amend his

5  pleading at any time during the proceeding.  *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 2569 (2005).

6  In this case, Respondent has filed an answer to the Petitioner.  Therefore, Petitioner must have leave of

7  court to amend his Petition.  Under Rule 15(c), a petitioner's amendments made after the statute of

8  limitations has run will relate back to the date of his original pleading if the new claims arose out of the

9  conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.  *Id.*

10  (citing Fed. R. Civ. P. 15(c)(2)).

11  **A.  Statute of Limitations**

12        Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a

13  writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court."  The

14  limitation period runs from the latest of:

15      (A) the date on which the judgment became final by the conclusion of
    direct review or the expiration of the time for seeking such review;

16      (B) the date on which the impediment to filing an application created by
    State action in violation of the Constitution or laws of the United States is

17      removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially

18      recognized by the Supreme Court, if that right has been newly recognized
    by the Supreme Court and made retroactively applicable to cases on

19      collateral review; or
    (D) the date on which the factual predicate of the claim or claims

20      presented could have been discovered through the exercise of due
    diligence.

21

22  28 U.S.C. § 2244(d)(1).

23        The "conclusion of direct review" is not the denial of review by the California Supreme Court,

24  but 90 days thereafter, upon the expiration of the time in which to file a petition for a writ of certiorari in

25  the United States Supreme Court.  *Tillema v. Long*, 253 F.3d 494, 498 (9th Cir. 2001); *Bowen v. Roe*,

26  188 F.3d 1157, 1159 (9th Cir. 1999).  In this case, the California Supreme Court denied Petitioner's

27  petition for review on September 22, 2004.  (Lodgment 9.)  The ninety day period expired December 21,

28  2004.  The statute of limitations began running on December 22, 2004 and expired on December 22,

1  2005.  Fed. R. Civ. P. 6(a) (excluding the day from which the period begins to run from the calculation

2  of the time).  Petitioner filed his original Petition on November 18, 2005, well within the limitations

3  period.  The filing of the federal petition did not toll the statute of limitations.  *Duncan v. Walker*, 533

4  U.S. 167, 181-82 (2001).  Petitioner filed his Renewed Motion to Amend the Petition on June 14, 2006.[1]

5  Accordingly, the five new claims Petitioner seeks to add in his amended petition are outside the statute

6  of limitations unless they relate back to the original claims.  Fed. R. Civ. P. 15(c)(2).

7  **B.  Relation Back**

8        In *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562 (2005), the Supreme Court examined the

9  interaction between the AEDPA statute of limitations and the relation back provisions of Rule 15(c)(2).

10  The original petition in that case contained a single Sixth Amendment claim based on the admission of a

11  witness's videotaped out-of-court statement.  After the statute of limitations had run, the petitioner filed

12  an amended petition, which added a Fifth Amendment claim stemming from the admission of his

13  pre-trial statements to the police and a Sixth Amendment claim of appellate counsel's ineffectiveness for

14  failing to challenge the use of his statements on appeal.  *Id.* at 2567-68.

15        To determine whether the petitioner's amended claims related back to the original petition, the

16  Court focused on the "key words" of Rule 15(c)(2):  "conduct, transaction, or occurrence," and found

17  that "relation back depends on the existence of a common 'core of operative facts' uniting the original

18  and newly asserted claims."  *Id.* at 2571-72.  The petitioner's amended petition did not meet this

19  standard because it "targeted separate episodes, the pretrial police interrogation of witness Williams in

20  [the] original petition, [the petitioner's] own interrogation at a different time and place in [the] amended

21  petition."  *Id.* at 2572.  Even though the petitioner had no actionable claim until the evidence was

22  introduced at trial, the Court looked to the essential predicate of the two claims.  *Id.* at 2572-73.  The

23  dispositive question in the new claim, alleging a Fifth Amendment violation, was the character of the

24  petitioner's conduct at the police interrogation, not in court.  *Id.* at 2573.

25  ///

26

27        [1]  The Court denied Petitioner's first Motion to Amend the Petition, because it was unclear what claims Petitioner wished to add.  [Doc. No. 24.]  However, that motion, filed on April 24, 2006, was also outside the statute of limitations.  Even if the Court construed the document filed on January 26, 2006

28  [doc. no. 10] as an attempt to amend the Petition, that document was also filed outside the limitations period.

1   The Court also relied on Rule 2 of the Rules Governing § 2254 Proceedings, which instructs a

2   petitioner to specify all grounds for relief and state the facts supporting each ground.  "Under that Rule,

3   Felix's Confrontation Clause claim would be pleaded discretely, as would his self-incrimination claim.

4   Each separate congeries of facts supporting the grounds for relief, the Rule suggests, would delineate an

5   'occurrence.'"  *Mayle*, 125 S. Ct. at 2573.  In a footnote, the Court cited two proper examples of

6   "relating back."  The first involved an original challenge to the prosecution's failure to comply with its

7   obligation to provide exculpatory materials to the defense and an amended petition raising the failure to

8   provide a particular report.  The Court noted that both pleadings "related to evidence obtained at the

9   same time by the same police department."  *Id.* at 2575 n.7.  The second involved an original petition

10  challenging the trial court's admission of a witness's recanted statements, while the amended petition

11  challenged the court's refusal to allow the defendant to show the statements had been recanted.  *Id.*  The

12  Court cited with approval the recognition that relation back would be appropriate if the new claim was

13  based on the same facts as the original pleading but only changed the legal theory.  *Id.*

14  The Ninth Circuit has not addressed the question of relation back of habeas claims in a published

15  decision since *Mayle*.  The First Circuit has examined the question and, consistent with its reading of

16  *Mayle*, strictly construed the relation back doctrine when considering an amended motion to vacate

17  sentence under 28 U.S.C. § 2255.  In *United States v. Ciampi*, 419 F.3d 20 (1st Cir. 2005), *cert. denied*,

18  --- U.S. ----, 126 S. Ct. 2906 (2006), the original petition challenged, among other things, the district

19  court's failure to adequately inquire into the petitioner's understanding of the provision for the waiver of

20  appellate rights included in his plea agreement and ineffective assistance of counsel based on his

21  attorney's failure to investigate misstatements in the indictment.  *Id.* at 24.  The petitioner then filed an

22  amended petition raising counsel's ineffectiveness for failing adequately to advise the petitioner to

23  appeal one of the counts of conviction and to explain the waiver of appeal.  *Id.* at 22, 24.

24  The court in *Ciampi* found that the new claims did not relate back.  Although both claims

25  "generally related to [the petitioner's] 'understanding' of his appellate waiver," they focused on wholly

26  different aspects and actors, which prevented a finding that the new claim related back to the original

27  petition.  *Id.* at 24.  "[A]mended habeas corpus claims generally must arise from the 'same core facts,'

28  and not depend upon events which are separate both in time and type from the events upon which the

1  original claims depended." *Id.*

2       In the instant matter, the two claims in Petitioner's original Petition have to do with the trial

3  court's instructions to the jury on the issue of duress and the voir dire process.  The proposed amended

4  claims relate to: 1) appellate counsel's performance on appeal; 2) evidence presented at trial about a gun;

5  3) Petitioner's right to cross-examine two witnesses during trial; 4) evidence regarding an underlying

6  felony charge; and 5) the trial court's instructions to the jury regarding voluntary and involuntary

7  manslaughter.

8       It is clear that four of the new claims Petitioner wishes to add do not relate back to the original

9  Petition.  Under *Mayle*, the relationship between the original petition and the new claim must be stronger

10  than the fact that both arose out of the "same trial, conviction, or sentence."  *Mayle*, 125 S. Ct. at 2574.

11  As to the first proposed amended claim, at no point in the original Petition did Petitioner assert an

12  argument related to his appeal or his appellate counsel.  As to the second proposed amended claim, the

13  original Petition does not assert an argument or tie into any facts relating to evidence about a gun.  As to

14  the third proposed amended claim, neither of Petitioner's two original claims relate to the two witnesses

15  he names, and this new claim implicates a different constitutional right than that asserted in the original

16  claims.  As to the fourth proposed amended claim, it appears the "felony-underlying charge" to which

17  Petitioner refers relates to the gun evidence in proposed amended claim three, and this claim again

18  consists of a separate set of facts than those presented in the original Petition.[2]  These claims are clearly

19  different in time and type from the claims in his original Petition.

20       As for Petitioner's fifth proposed amended claim, it appears that this claim might relate to the

21  first claim in the original Petition, because both deal with the trial court's instructions to the jury.  The

22  claim in the original Petition asserts that the trial court committed error, because he failed to give the

23  jury written instructions on the issue of duress, even though he did give the instructions orally.  (Mem. of

24  P. & A. in Supp. of Pet. 1-4.)  The new claim appears to assert that the trial court had a duty to instruct

25

26       [2]  While the claims Petitioner wishes to add are still not entirely clear, the Court must construe
*pro se* pleadings liberally.  *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  It appears, from the
27  proposed amended petition attached to the renewed motion to amend, that the new claims may all relate
to ineffective assistance of appellate counsel or insufficiency of the evidence.  Even so, however, neither
28  of these arguments arise out of a "common core of operative facts" as the claims in his original Petition.
*Mayle*, 125 S. Ct. at 2573.

05cv2150

1  the jury on the general principles raised by the evidence, but he did not give instructions on voluntary

2  and involuntary manslaughter.  (Renewed Mot. to Am. 3; Proposed Am. Pet. 9-10.)

3       *Mayle* instructs that the original claim and the new claim must be "tied to a common core of

4  operative facts," which cannot be viewed at too high a level of generality.  *Mayle* 125 S. Ct. at 2573-74.

5  Post *Mayle*, *Laurore v. Spencer*, 396 F. Supp. 2d 59 (D. Mass. 2005), examined whether a new claim

6  involving jury instructions related back to a claim in the original petition, which also involved jury

7  instructions.  That court found that it was not enough that the original claim and the new claim related to

8  alleged defects in the jury instructions:  "[T]he new claims are of a distinctly different legal nature than

9  the claim in the original petition.  The new claims presumably rely on the Fourteenth Amendment and

10 due process protections while the original claim is based on Laurore's Fifth Amendment privilege

11 against self-incrimination.  Therefore, the claims are not sufficiently similar in type."  *Id.* at 63 (citation

12 omitted).

13      Similarly, here, Petitioner's original claim involved a jury instruction on the defense theory of

14 duress, and his new claim involves the lack of a jury instruction on the lesser offenses of involuntary and

15 voluntary manslaughter.  The new claim is of a distinctly different legal nature than the original claim.

16 Under the reasoning of *Mayle*, the two claims involve different jury instructions, and would have

17 presented distinctly analyses for the jury to consider.  While the two claims both allege errors in the jury

18 instructions, *Ciampi* and *Laurore* indicate that when the focus is on completely difference aspects of the

19 jury instructions, the new claim cannot be said to relate back to the original claim.  Therefore,

20 amendment of the proposed claims to the original petition would not be proper.

21 **IV.  Conclusion**

22      Based on the foregoing analysis, this Court **RECOMMENDS** that Petitioner's Renewed Motion

23 to Amend the Petition be **DENIED** and this action go forward with the claims in the original Petition.

24      This Report and Recommendation of the undersigned Magistrate Judge is submitted to the

25 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

26      On or before **February 22, 2007**, any party may file and serve written objections with the Court

27 and serve a copy on all parties.  The document shall be entitled "Objections to Report and

28 Recommendation."  Any reply to the objections shall be filed and served no later than **ten days after**

1  **being served with the objections**.  The parties are advised that failure to file objections within the

2  specified time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v.*

3  *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4      **IT IS SO ORDERED.**

5

6  DATED:  January 31, 2007

7      _____

8      **CATHY ANN BENCIVENGO**
       United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05cv2150