1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  KEITH WILLIAMS, | CASE NO. 05cv2150-J (CAB) |
| 12                    Petitioner, | |
| 13 | **ORDER:** |
| 14    v. | **(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; and** |
| 15 | |
| 16  C.M. HARRISON, Warden, | **(2) DENYING PETITIONER'S RENEWED MOTION TO AMEND THE PETITION** |
| 17                    Respondent. | |
| 18 | |

19       Petitioner Keith Williams ("Petitioner"), a state prisoner proceeding *pro se*, has
20 submitted a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.
21 [Doc. No. 1.] Before the Court is Petitioner's Renewed Motion for Leave to Amend
22 Habeas Corpus with Proposed Amended Petition ("Renewed Motion to Amend"). [Doc.
23 No. 32.] Magistrate Judge Cathy Ann Bencivengo has filed a Report and Recommendation
24 ("R&R") recommending that Petitioner's motion be denied. [Doc. No. 41.] Petitioner filed
25 an objection to the R&R. [Doc. No. 44.] For the reasons discussed below, this Court
26 **ADOPTS** the R&R and **DENIES** Petitioner's Renewed Motion to Amend the Petition.
27
28

*Procedural Background*

**I.    State Court Background**

On October 23, 2002, a jury convicted Petitioner of murder in the first degree, carjacking, and robbery. (*See* Resp't Lodgm't No. 1 at 215.) On December 12, 2002, Petitioner was sentenced to life without the possibility of parole. (*See id.* at 166-67.) On September 22, 2004, the California Supreme Court denied Petitioner's petition for direct review of his conviction in the California Superior Court. (*See* Resp't Lodgm't No. 9.) On November 3, 2005, Petitioner filed a Motion for Recall of the Remittitur[1] in the California Supreme Court. (*See* Mot. to Enlarge, Ex. A.) On December 14, 2005, the California Supreme Court denied Petitioner's Motion for Recall of the Remittitur, which it construed as a petition for review. (*See id.*)

**II.    Federal Court Background**

On November 18, 2005, Petitioner filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] On January 26, 2006, Petitioner filed a Motion to Enlarge Writ of Habeas Corpus Petition ("Motion to Enlarge"). [Doc. No. 10.] The magistrate judge construed the document as a "lodgment of exhibits in support of petition for writ of habeas corpus." [Doc. No. 9.] On March 1, 2006, Respondent filed an Answer to the Petition. [Doc. No. 12.]

On April 24, 2006, Petitioner filed a Motion for Leave to Amend the Petition ("Motion to Amend"). [Doc. No. 21.] The magistrate judge found the motion to be "not entirely clear," but denied the request without prejudice, given the Court's duty to read *pro se* pleadings liberally. (*See* Order Regarding Pl.'s Mot. to Amend at 1.) The Court

---

[1] After a reviewing court makes a final determination of an appeal, it must issue a remittitur, which is to be immediately transmitted, with a certified copy of the opinion, to the trial court. *See* 22C Cal. Jur. 3d *Criminal Law* § 831. Upon receipt of the remittitur from the reviewing court, jurisdiction is removed from the reviewing court and restored to the lower court. *See id.* However, the court has the inherent power to recall the remittitur and reassert its jurisdiction over the cause. *See Bryan v. Bank of America*, 86 Cal. App. 4th 185, 191 (2001). While this power does not generally include correcting errors of law, an exception may be made when the error would entitle the defendant to a writ of habeas corpus, in which case the recall of the remittitur is deemed an adjunct to the writ, and will be granted when appropriate to implement the defendant's rights to habeas corpus. *See People v. Mutch*, 4 Cal. 3d 389, 396-97 (1971).

instructed Petitioner that he could file a renewed motion to amend the Petition, but must clearly and simply state any additional claims.  (*See id.* at 2.)  On June 14, 2006, Petitioner filed the instant Renewed Motion to Amend, stating five additional claims.  [Doc. No. 32.]

On June 30, 2006, Respondent filed an opposition to the Renewed Motion to Amend, arguing that it contained unexhausted claims and was barred by the statute of limitations.  (*See* Opp'n to Mot. to Amend at 3-5.)  On January 31, 2007, Magistrate Judge Bencivengo issued the R&R, recommending that Petitioner's Renewed Motion to Amend be denied.  [Doc. No. 41.]  Petitioner timely filed objections to the R&R.  [Doc. Nos. 43, 44.]

## *Legal Standard*

The duties of the district court in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (2004).  The district court must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1) (2004); *see United States v. Raddatz*, 447 U.S. 667, 676 (1980).

## *Discussion*

### I.   Exhaustion

Habeas petitioners who wish to challenge their state court convictions must first exhaust state judicial remedies.  *See* 28 U.S.C. § 2254(b)(1), (c) (2004).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  A prisoner need exhaust only one avenue of relief in state court before bringing a habeas petition in federal court, even where alternative avenues are available.  *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987).  For example, by either a writ of habeas corpus or a motion for recall of the remittitur, a petitioner can raise a claim that he

was convicted under a statute that did not prohibit his conduct. *See Hayward v. Stone*, 496 F.2d 844, 846 (9th Cir. 1974).

Respondent argues that Petitioner has failed to exhaust the five claims presented in Petitioner's Renewed Motion to Amend. (*See* Opp'n to Mot. to Amend at 3-5.) Petitioner contends that he exhausted the claims by filing the Motion for Recall of the Remittitur in the California Supreme Court. (*See* Objection to R&R at 3-4.) The Court must determine whether Petitioner's Motion for Recall of the Remittitur presented the California Supreme Court with a fair opportunity to rule on the merits of every issue. *See Baldwin*, 541 U.S. at 29.

When a petitioner's application to recall the remittitur is filed under appropriate circumstances, such as to reinstate an appeal where appellate counsel was ineffective, then denial of the application, followed by denial of a petition for a hearing in the California Supreme Court, exhausts the claims. *See Hayward*, 496 F.2d at 846; *see also Gonzales v. Stone,* 546 F.2d 807, 808 (9th Cir. 1976) (holding that applications to the California Court of Appeal and the California Supreme Court to recall the remittitur, and a petition for review thereof, sufficiently exhausted petitioner's ineffective assistance of counsel and lack of substantial evidence claims for the purpose of bringing them in federal court); *People v. Mutch*, 4 Cal. 3d 389, 396-97 (1971) (stating that a recall of the remittitur may be deemed an adjunct to the writ of habeas corpus, and will be granted when appropriate to implement a defendant's right to habeas corpus).

In the instant Renewed Motion to Amend, Petitioner raises four claims pertaining to judicial error and insufficient evidence, and a separate claim for ineffective assistance of appellate counsel. (*See* Renewed Mot. to Amend at 2-3.) In his Motion for Recall of the Remittitur, filed in the California Supreme Court, Petitioner raises each of the same underlying claims, but does so primarily in the context of a claim for ineffective assistance of counsel. However, construing the pleadings liberally, each claim in the Renewed Motion to Amend does appear in the Motion for Recall of the Remittitur. The California Supreme Court construed the Motion for Recall of the Remittitur as a second petition for

review and summarily denied it. (*See* Resp't Lodgm't No. 9.) The state supreme court did not articulate what grounds it considered, or how it made its decision. (*See id.*) However, because Petitioner stated the factual and legal basis behind his claims, it is safe to say that the state supreme court was presented with a fair opportunity to consider the issues. (*See* Mot. to Enlarge, Ex. A); *see also Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) ("The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis."). Therefore, this Court **FINDS** that Petitioner's claims in his Renewed Motion to Amend are exhausted.

## II.     Statute of Limitations

The Court next examines whether the claims raised in the instant Renewed Motion to Amend are barred by the statute of limitations. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to the judgment of a state court has one year from the date his conviction becomes "final by the [later of the] conclusion of direct review or the expiration of the time for seeking such review" to file an application for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1)(A) (2004).

In the instant case, the California Supreme Court denied Petitioner's petition for review on September 22, 2004. On December 21, 2004, the ninety-day period for seeking direct review from the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). On December 22, 2004, the statute of limitations began to run. *See* Fed. R. Civ. P. 6(a). On November 18, 2005, Petitioner filed his original Petition in this Court. [Doc. No. 1.] This federal Petition, though itself timely filed, did not toll the statute of limitations as to any claims not raised in the federal petition. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *Fail v. Hubbard*, 272 F.3d 1133, 1134 (9th. Cir. 2001). On December 22, 2005, the limitation period expired. *See* 28 U.S.C. § 2244(d)(1)(A).

On January 26, 2006, Petitioner filed a Motion to Enlarge, which Magistrate Judge Bencivengo construed as a lodgment of exhibits. [Doc. Nos. 9, 10.] In this motion,

Petitioner cites statutory language regarding "amendment or supplement" of a habeas corpus application, and prays for the Court to allow incorporation of Petitioner's "exhausted Recall of the Remittitur with the Writ of Habeas Corpus . . . ." (*See* Mot. to Enlarge at 1-2.)  Petitioner argues that despite the magistrate judge's initial determination that the motion was an attempt to lodge exhibits, it was actually an attempt to amend the Petition via incorporation of the claims raised in Petitioner's Motion for Recall of the Remittitur, which Petitioner attached as an exhibit to the Motion to Enlarge. (*See id.* at 2, Ex. A; Objection to R&R at 6-8.)  As stated above, the five additional claims Petitioner put forth in his Renewed Motion to Amend are all contained in some form within the Motion for Recall of the Remittitur. (*See* Renewed Mot. to Amend at 2-3; Mot. to Enlarge, Ex. A.) Additionally, the magistrate judge agreed that Petitioner's Motion to Enlarge may have actually been an attempt to add some ineffective assistance of counsel claims, rather than to simply lodge the California Supreme Court's denial of his appeal as an exhibit to his current Petition. (*See* Order Regarding Pl.'s Mot. to Amend at 1.)  Given the Court's duty to read *pro se* pleadings liberally, this Court construes Petitioner's January 26, 2006, Motion to Enlarge as his first attempt to amend the Petition.  However, as noted in the R&R, Petitioner's Motion to Enlarge was still filed outside of the limitations period, which expired on December 22, 2005. (*See* R&R at 4 n.1.)  The Court therefore must determine whether the doctrines of equitable tolling and relation back apply to the five new claims raised in the Motion to Enlarge and the Renewed Motion to Amend.

### A.     Equitable Tolling

In rare instances, a petitioner may receive equitable tolling of the statute of limitations. *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  Equitable tolling is appropriate only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (citation omitted) (citing *Calderon v. United States Dist. Ct. (Beeler),* 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 539-40 (9th Cir. 1998)).  The burden of proof to show equitable

tolling falls on the petitioner. *See Miranda v. Castro,* 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, Petitioner claims that prison lockdowns beginning on December 14, 2005, prevented him from visiting the prison law library and preparing an amended Petition by December 22, 2005, the statutory deadline. (*See* Pet'r's Reply at 10-11; Objection to R&R at 12.) Petitioner further argues that equitable tolling should apply because there is no evidence of abuse, bad faith, or undue prejudice to Respondent. (*See* Pet'r's Reply at 9-10; Objection to R&R at 12.)

While Petitioner has made specific allegations regarding the duration of the lockdowns, he has provided no evidence of the existence of those conditions. It is not clear how many lockdowns there were during the stretch Petitioner cites, or if there were any opportunities between lockdowns for Petitioner to use the law library. But even if Petitioner was prevented from using the prison law library from December 14, 2005, until the statutory deadline of December 22, 2005, he still would have lost only nine days of library time within the limitations period. Standing alone, this impediment does not amount to "extraordinary circumstances." *See Lampert*, 465 F.3d at 969; *United States v. Cicero*, 214 F.3d 199, 203-04 (D.C. Cir. 2000) (finding that interruptions to a prisoner's access to the law library during the final months of the limitations period did not constitute extraordinary circumstances); *United States v. Van Poyck*, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (holding that brief security lockdowns "could hardly be characterized as an 'extraordinary circumstance' "); *cf. Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002) (finding that transfers which resulted in a prisoner's loss of access to legal materials for eighty-two days, during a time when there were open questions about the proper method of statutory tolling during the pendency of the prisoner's petition in state court, appear to satisfy the extraordinary circumstances requirement for equitable tolling).[2]

---

[2] For further examples of what constitutes "extraordinary circumstances," see *Spitsyn*, 345 F.3d at 801 (finding that a retained attorney's failure to timely file a petition rose to the level of egregious behavior justifying equitable tolling, where the attorney failed to respond to numerous requests from the petitioner to prepare and file the petition, and did not return petitioner's file), and *Stillman v. LaMarque*, 319 F.3d 1199, 1202-03 (9th Cir. 2003) (finding that a prison official's failure to carry out a promise to fax a signed copy of a habeas petition to the attorney assisting the petitioner supported equitable tolling).

Additionally, while Petitioner claims that the lockdowns prevented him from visiting the prison law library to prepare his motion, he does not claim that he made any effort to file his motion after the lockdowns began. *See Spitsyn*, 345 F.3d at 802 (citing *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)) (noting that "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken.")  Therefore, this Court **FINDS** that equitable tolling does not apply.

### B.     Relation Back of the Amendments

Because he has failed to establish equitable tolling, the five new claims Petitioner seeks to add in his amended petition are outside the statute of limitations unless they relate back to the original claims.  An amendment of a petition relates back to the date of the original pleading when the claim asserted in the amended petition "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [petition]." *See* Fed. R. Civ. P. 15(b).  In *Mayle*, the Supreme Court rejected the Ninth Circuit's view that a new claim relates back if it arises from the same trial and conviction as the original claims. *See* 545 U.S. at 656-57, 664-65.  It held that an amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *See id.* at 650.  Instead, relation back is appropriate where the claims in the original and amended petitions are tied to a core of operative facts. *See id.* at 664.

The Ninth Circuit has not yet applied the pertinent *Mayle* standard regarding the issue of relation back of habeas claims, but the court has recognized the new standard. *See Jackson v. Roe*, 425 F.3d 654, 660 n.8 (9th Cir. 2005) (acknowledging *Mayle's* rejection of the Ninth Circuit's former broad understanding of relation back).  Since *Mayle*, at least one district court within the Ninth Circuit and several circuit courts of appeal have made specific determinations as to whether claims relate back. *See Iasu v. Chertoff*, 426 F. Supp.

1  2d 1124, 1128 n.1 (S.D. Cal. 2006) (holding that where the amended petition raises a claim
2  of United States citizenship and the original petition raised a challenge to Petitioner's
3  indefinite detention, there was no relation back, because the claims arose from different
4  facts).  The First Circuit has held that the Rule 15 relation back provision is to be strictly
5  construed in the habeas corpus context.  *See United States v. Ciampi*, 419 F.3d 20, 23 (1st
6  Cir. 2005).  The court held that a petitioner does not satisfy the Rule 15 "relation back"
7  standard merely by raising some type of ineffective assistance claim in the original petition,
8  and then attempting to amend the petition with another ineffective assistance claim based
9  upon an entirely distinct type of conduct.  *See id.* at 24.  Similarly, the Eighth Circuit found
10 that a claim of ineffective assistance of counsel on cross-examination did not relate back to
11 the original claim of ineffective assistance of counsel for failure to object to the admission
12 of certain evidence.  *See United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006)
13 (finding that the claims were not similar enough to satisfy the "time and type" test and did
14 not arise from the same set of operative facts).

15  In the instant action, the original Petition states two claims for relief: (1) the trial
16 court denied Petitioner his due process rights when the court failed to give the jury a
17 written instruction on duress after determining such instruction was vital to the defense;
18 and (2) Petitioner was denied his right to a fair and impartial jury because the prosecutor
19 excluded minorities from the jury.  (*See* Pet. Mem. at 1, 5.)

20  Petitioner wishes to add five new claims: (1) his right to effective assistance of
21 appellate counsel was denied; (2) the "gun use allegation" was unduly prejudicial and
22 should not have been admitted during trial; (3) he was denied his Sixth Amendment right to
23 confront and cross-examine witnesses Marcus Brown and Irene Wolberg; (4) there was
24 insufficient evidence of Petitioner's intent; and (5) the trial court committed prejudicial
25 error by failing to instruct the jury on voluntary and involuntary manslaughter.  (*See*
26 Renewed Mot. to Amend at 2-3.)

27  Under *Mayle*, the first four new claims do not relate back to the date of the original
28 Petition because they are not tied to a common core of operative facts.  *See* 545 U.S. at 664.

1  The first new claim asserts ineffective assistance of appellate counsel by Lynda A. Romero,
2  an attorney who represented Petitioner on appeal only.  Because the original Petition does
3  not contain any claim concerning appellate counsel, the first new claim does not relate
4  back.  The second new claim regarding the admission of the "gun use allegation" does not
5  relate to the original claims, as the original claims did not pertain to admission of evidence
6  at trial.  The third new claim focusing on the right to confront and cross-examine two
7  witnesses does not relate back, as the original claims do not involve witnesses.  The fourth
8  new claim is unclear, and can be construed to allege the prosecution's failure to meet its
9  burden of proof, or the lack of evidence regarding Petitioner's intent as it relates to a
10 finding of special circumstances or other underlying charge.  However, because no
11 plausible interpretation of the fourth new claim is based on the same set of facts as the
12 original two claims, it does not relate back.

13      The fifth new claim requires a closer examination, because like the first claim in the
14 original petition, it deals with the trial court's failure to provide instructions to the jury.
15 The first original claim contends that the trial court committed error in failing to give the
16 jury written instructions on the issue of duress.  (*See* Pet. Mem. at 1.)  The fifth new claim
17 asserts that the trial court should have instructed the jury on voluntary and involuntary
18 manslaughter.  (*See* Renewed Mot. to Amend at 3.)

19      At least one post-*Mayle* court has found that it was not enough that the original
20 claim and the amended claim both related to alleged defects in jury instructions.  *See*
21 *Laurore v. Spencer*, 396 F. Supp. 2d 59, 63 (D. Mass. 2005).  It held that where an original
22 claim is of a distinctly different legal nature than the new claim, the new claim is not
23 sufficiently similar enough in type to warrant relation back.  *See id.*

24      Here, the original claim involves the lack of a written instruction on the defense
25 theory of duress, while the new claim involves the lack of an instruction on the lesser
26 offenses of voluntary and involuntary manslaughter.  Not only are these instructions of a
27 different legal nature, but the factual basis underlying each theory differs as well.  The
28 duress defense involves a theory that the defendant was acting under threat when he

1  engaged in the otherwise criminal conduct, while the offenses of voluntary and involuntary
2  manslaughter concern the criminal conduct itself. Because the two jury instructions are not
3  based on the same core of operative facts, the fifth new claim does not relate back to the
4  first original claim. *See Mayle*, 545 U.S. at 664. In sum, the Court **FINDS** that none of the
5  new claims raised in the Renewed Motion to Amend relates back to the claims raised in the
6  original Petition.

7  *Conclusion*

8  Because Petitioner's new claims are not saved by equitable tolling and do not relate
9  back to the date of the original Petition, this Court **FINDS** that they are barred by the
10 statute of limitations. Accordingly, this Court **DENIES** Petitioner's Renewed Motion to
11 Amend and **ORDERS** this action to proceed with the claims stated in the original Petition
12 filed on November 18, 2005.

13 **IT IS SO ORDERED.**

14 DATED: March 28, 2007

15 _____
16 HON. NAPOLEON A. JONES, JR.
    United States District Judge

17 cc:   Magistrate Judge Bencivengo
       All Parties
18
19
20
21
22
23
24
25
26
27
28