# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH WILLIAMS, | ) | Civil No. 05CV2150 J (CAB) |
| | ) | |
| Petitioner, | ) | **ORDER:** |
| | ) | |
| v. | ) | **(1) GRANTING IN PART AND DENYING IN PART PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY [DOC. NO. 65];** |
| | ) | |
| C.M. HARRISON, Warden, | ) | |
| | ) | |
| Respondent. | ) | **(2) GRANTING PETITIONER'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS [DOC. NO. 66]; AND** |
| | ) | |
| | ) | **(3) GRANTING IN PART PETITIONER'S MOTION FOR COPIES [DOC. NO. 67].** |

The matters before the Court are Petitioner Keith Williams' Application for a Certificate of Appealability ("Application") (doc. no. 65), Motion for Leave to Appeal in Forma Pauperis (doc. no. 66), and Motion for Copies. [Doc. No. 67.] Petitioner filed the Application on the grounds that (1) failure to provide the jury with written instructions on duress was unconstitutional; (2) the prosecutor unconstitutionally used peremptory challenges to dismiss jurors based on race and gender; (3) the magistrate judge erred in failing to appoint counsel; and (4) the Court erred in denying Petitioner an opportunity to amend the Petition.

*Background*

On October 7, 2002, Petitioner was charged with: 1) murder in violation of California Penal Code § 187; 2) carjacking in violation of Pen. Code § 215(a); and 3) robbery in violation of Pen. Code § 211. (Clerk's Trans. at 212-13.) Several special circumstances were also alleged, including a gun allegation. (*Id.*) On October 23, 2002, Petitioner was convicted of first-degree murder, among other crimes. (*Id.* at 150-55.) On December 12, 2002, Petitioner was sentenced to life in prison without the possibility of parole for the first-degree-murder conviction and the other sentences were stayed pursuant to California sentencing rules. (*Id.* at 166-67, 217.)

On November 18, 2005, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). [Doc. No. 1.] On May 10, 2007, Petitioner filed a Traverse to the Petition ("Traverse"). [Doc. No. 56.] On April 14, 2008, Judge Cathy Ann Bencivengo filed a Report and Recommendation ("R&R") recommending that the Petition be denied. [Doc. No. 60.] On May 19, 2008, Petitioner timely filed an Objection to the Report and Recommendation ("Objection"). [Doc. No. 61.] On August 21, 2008, the Court issued an Order Adopting the Report and Recommendation ("Order") and denying the Petition. [Doc. No. 62.]

*Legal Standard*

A state prisoner may not appeal the denial of a § 2254 habeas petition unless he or she obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts have authority to issue certificates of appealability pursuant to AEDPA). In deciding whether to grant a certificate of appealability, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. *See Asrar*, 116 F.3d at 1270. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253©)(2). To meet this standard, petitioner must show that: (1) the issues are debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000) and *Barefoot v. Estelle*, 463 U.S. 880

(1983)). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright*, 220 F.3d at 1025 (citing *Barefoot*, 463 U.S. at 893 n.4).

## *Discussion*

**I. Claim 1 - Lack of Written Jury Instruction**

Petitioner first argues that the California Superior Court violated his due process rights when it refused to provide the jury with a written instruction on duress. (Application at 5.) In order for the Court to certify an appeal on this issue, Petitioner must establish that reasonable jurists could debate whether the omission of the written instruction violated his due process rights. *Lambright*, 220 F.3d at 1025.

Petitioner points out in the Application that the trial court told the jury to "go by what you read here in the written jury instructions." (Application at 6.) None of the prosecution's requested instructions were omitted from the written instructions. (Application at 6.) In sum, Petitioner argues that, when viewed together, the omission of a written duress instruction and the inclusion of all the prosecution's requested written instructions, in addition to the trial court's admonition, could have led the jury to disregard the oral instruction on duress. (Application at 7.) In the Order, the Court noted that the trial court gave the jury a correct oral instruction on duress. (Order at 5-6.) Furthermore, the Court found that the instruction adequately covered the defense theory of the case. (Order at 6); *see Ragsdell v. S. Pac. Transp. Co.*, 688 F.2d 1281, 1282 (9th Cir. 1982).

In analyzing Petitioner's claim, the Court must view the jury instructions as a whole and decide if they would have misled the jury or if they stated the law incorrectly. *Reed v. Hoy*, 909 F.2d 324, 326 (9th Cir. 1989). To constitute reversible error, such instructions must have prejudiced the objecting party. *Id.* Viewing the instructions as a whole, the Court found that no unconstitutional prejudice occurred (Order at 7). However, reasonable jurists could debate whether the judge's instruction that the jury "go by" the written instructions could have caused them to erroneously disregard the duress instruction. In addition, even though an omitted instruction is not as likely to be as prejudicial as an erroneous statement of the law, *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977), reasonable jurists could debate whether the omission

prejudiced Petitioner since the omitted written instruction concerned his only defense. Therefore, the Court **FINDS** that Petitioner has made a substantial showing of the denial of a constitutional right with respect to this claim and **GRANTS** a certificate of appealability for this claim.

## II. Claim 2 - Prosecutorial Discrimination

Petitioner next argues that the Superior Court erroneously allowed the prosecution to use three peremptory challenges to remove African-American prospective jurors. (Application at 8-9.) Since a trial court's ruling on discriminatory intent is a factual finding, it is given deference unless it is clearly erroneous. *See Snyder v. Louisiana*, 128 S. Ct. 1203, 1208 (2008); *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)

### A. *Batson* Challenge

Petitioner must establish that reasonable jurists could disagree as to whether Petitioner adequately refuted the state court's conclusion that the prosecution harbored no discriminatory intent by clear and convincing evidence. *Hernandez v. New York*, 500 U.S. 352, 359 (1991)*; Lambright*, 220 F.3d at 1025. In the trial court's view, the prosecution gave race-neutral reasons for the dismissal of all three prospective jurors. (Order at 9.) The Court finds no reason to disturb the trial court's findings as they were based on the adequate explanations provided by the prosecution and were not clearly erroneous. (*See* Order at 8-9.)

### B. Comparative Analysis

Petitioner can also support his claim if he can establish that reasonable jurists could disagree as to whether a comparative analysis of the prospective jurors demonstrates the prosecution's facially race-neutral explanations were in fact a mere pretext for discrimination. *Lambright*, 220 F.3d at 1025; *See Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). The analysis must compare prospective jurors sharing similar attributes in order to be helpful. *See Snyder*, 128 S. Ct. at 1211-12 (comparing jurors with same or similar concerns). In his Application, Petitioner merely reasserts the same reasons why he believes a comparative analysis demonstrates discrimination. (Application at 9-11.) There were significant differences between the dismissed prospective jurors and the rest of the *venire*. (*See* Order at 10-11.) For instance,

one prospective juror had served on a hung jury *and* had friends and family who had been previously arrested. (Order at 10.) However, the other members of the *venire* had served on a hung jury *or* had family and friends previously arrested, *not both*. (*Id.*) Given these kinds of differences, the trial court's finding is not clearly erroneous as required by *Snyder*. As such, reasonable jurists could not disagree as to whether the prosecution improperly considered race in exercising its peremptory challenges. Therefore, the Court **FINDS** that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to this claim and **DENIES** a certificate of appealability for this claim.[1]

### III. Claim 3 - Appointment of Counsel

Petitioner contends that he should have been granted assistance of counsel for the purposes of the habeas corpus proceedings. There is no Sixth Amendment right to counsel in a habeas corpus action brought by a state prisoner. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Congress vested appointment of counsel in habeas proceedings within the discretion of the district court. 18 U.S.C. § 3006A(a)(2)(B). When no evidentiary hearing is held, a district court *does not* abuse its discretion in denying a motion to appoint counsel. *Knaubert*, 791 F.2d at 728. The Court never issued an order requiring an evidentiary hearing on the Petition. As such, reasonable jurists could not disagree as to whether the Court abused its discretion in denying Petitioner appointed counsel. Thus, the Court **FINDS** that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to this claim and **DENIES** a certificate of appealability for this claim.

### IV. Claim 4 - Renewed Motion to Amend the Petition

#### A. Background

---

[1] Petitioner once again attempts to argue gender discrimination in dismissing jurors. (Application at 11.) This argument was first raised in Petitioner's Traverse. (Traverse at 16-17.) Courts must construe *pro se* pleadings liberally. *Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th Cir. 2002). Therefore, the Court construes the new argument in Petitioner's Traverse as a request for leave of court to amend the Petition. *See* Fed. Rule Civ. P. 15(a)(2). However, as can be understood from the discussion below, the fact that Petitioner filed the Traverse on May 10, 2007 – well after the limitations period – makes this attempted amendment untimely. As such, the Court does not consider the gender discrimination issue at this time.

Petitioner's fourth claim is that the Court improperly denied his Renewed Motion to Amend the Petition ("Renewed Motion").[2] On January 26, 2006, Petitioner filed a Motion to Enlarge Writ of Habeas Corpus Petition ("Motion to Enlarge"). [Doc. No. 10.] The Court later construed this as Petitioner's first attempt to amend the Petition in its Order Denying Petitioner's Renewed Motion to Amend the Petition ("Order Denying Amendment"). [Doc. No. 45 at 6.] On April 24, 2006, Petitioner filed a Motion to Amend the Petition. [Doc. No. 21.] The magistrate denied the request, but included instructions for Petitioner to file a renewed motion to amend. [Doc. No. 24.] On June 14, 2006, Petitioner filed the Renewed Motion, attempting to add five claims. [Doc. No. 32.] On March 28, 2007, the Court adopted the magistrate's Report and Recommendation (doc. no. 41) and denied the Renewed Motion. [Doc. No. 45.] The Court found that the statute of limitations expired on December 22, 2005, one year after the date on which the judgment became final. (Order Denying Amendment at 5.) Additionally, the Court found that the statute of limitations was not tolled. Thus, the Motion to Enlarge, Petitioner's first attempt to amend, was untimely. Therefore, the Court denied the Renewed Motion. (Order Denying Amendment at 11.)

Petitioner claims that the Court's ruling that the Renewed Motion was untimely was erroneous because his Motion to Recall the Remittitur should have tolled the limitations period. On September 21, 2005, Petitioner filed a Motion to Recall the Remittitur with the California Court of Appeal. [Doc. No. 38, App. A.] On September 27, 2005, the Court of Appeal denied that Motion. [Doc. No. 38, App. D.] On October 13, 2005, Petitioner filed the same Motion with the California Supreme Court. [Doc. No. 38, App. B.] On December 14, 2005, that court construed the Motion as a petition for review and denied it. [Doc. No. 38, App. C.]

**B. Analysis**

The Supreme Court has held that when a district court dismisses a petition for habeas relief on procedural grounds, a certificate of appealability should issue (1) where reasonable jurists could debate whether the petition was actually procedurally barred and (2) where

---

[2] Petitioner previously requested a certificate of appealability (doc. no. 48) as to this claim, but this was denied because the Order Denying the Motion to Amend (doc. no. 45) did not constitute a final order. [Doc. No. 53 at 2-3.]

reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In contrast to *Slack* which dealt with outright dismissal of a petition, this case deals with *denial of amendment* of a petition. However, "Congress expressed no intention to allow trial court procedural error to bar vindication of substantial constitutional rights on appeal." *Id.* at 483. Therefore, the Court applies the same analysis for the denial of the amendment of a petition as was used in *Slack*.

**1. The Procedural Bar**

Generally, habeas corpus petitions must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* at § 2244(d)(2). The time during which such an application is pending includes the period between a lower court's adverse decision and the petitioner filing a notice of appeal, as long as such notice is timely filed under state law. *Evans v. Chavis*, 546 U.S. 189, 191 (2006). In California, a notice of appeal is timely filed if filed within a "reasonable time" after the lower court's adverse ruling. *Id.* at 192.

If the Motion to Recall the Remittitur in fact qualified under § 2244(d)(2) as "a properly filed application for State post-conviction ... review," the original limitations deadline of December 22, 2005, (Order Denying Amendment at 6), would have been extended by at least 70 days. The Motion was pending in the California Court of Appeal between September 21, 2005 and September 27, 2005. [Doc. No. 38, App. A & App. D.] The review of the denial of that Motion was pending in the California Supreme Court between October 13, 2005 and December 14, 2005. [Doc. No. 38, App. B & App. C.] These two periods constitute a total of 70 days. If the Motion to Recall the Remittitur did toll the limitations period for at least 70 days, the deadline would have fallen *after* Petitioner first attempted to amend the Petition on January 26, 2006.

Though the Ninth Circuit has not passed on whether a motion to recall the remittitur or an appeal thereof qualifies under § 2244(d)(2), one California federal district court has accepted a stipulation that the Motion to Recall the Remittitur does in fact toll the limitations period. *Farquharson v. Adams*, No. C 06-07338, 2007 WL 1176630, at *3 (N.D. Cal. April 20, 2007). As such, it is certainly debatable among jurists of reason whether Petitioner's actions concerning his Motion to Recall the Remittitur constituted applications for State post-conviction review and whether these actions in fact tolled the limitations period sufficiently to allow Petitioner's amendment. Therefore, Petitioner has satisfied the first prong of the *Slack* analysis.

### 2. Claims in the Renewed Motion to Amend

Petitioner has provided three potential sets of claims to be added to his Petition. First, in his Motion to Enlarge, Petitioner included the Motion to Recall the Remittitur (Motion to Enlarge, Ex. A). The Court later construed this as an attempt to assert five new claims. (Order Denying Amendment at 6.) Second, in his Renewed Motion, filed on June 14, 2006, Petitioner asserted the same five claims. (Renewed Motion at 2-3.) Finally, in the First Proposed Amended Petition for Writ of Habeas Corpus ("FPAP") (doc. no. 32, App. A), which was attached to the Renewed Motion, Petitioner asserted three claims of ineffective assistance of counsel. (FPAP at 8-10.) The only claims Petitioner asserted that could possibly be considered timely are those in the Motion to Enlarge. Reasonable jurists could debate whether the attempted amendments state claims that demonstrate the denial of a constitutional right. Thus, Petitioner has satisfied the second prong of the *Slack* analysis.

On appeal, the question presented is threefold: (1) whether a Motion to Recall the Remittitur tolls the statute of limitations pursuant to § 2244(d)(2); (2) whether the tolling period in this case was sufficient to extend the limitations period beyond Petitioner's first attempt to amend on January 26, 2006; and (3) whether Petitioner's claims warrant habeas relief.

Therefore, the Court **FINDS** that Petitioner has made a substantial showing of the denial of a constitutional right with respect to the claims Petitioner attempted to add by amendment and **GRANTS** a certificate of appealability for this claim.

//

**V. Motion for Leave to Proceed in Forma Pauperis**

In any case where the plaintiff or petitioner has been granted leave to file the action in forma pauperis, pauper status automatically continues for the appeal from a subsequent order or judgment, unless the district court certifies that the appeal is taken in bad faith or finds that the party is not otherwise entitled to continuing pauper status.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).  The Court **FINDS** no reason to revoke pauper status and therefore **GRANTS** Petitioner's Motion for Leave to Appeal in Forma Pauperis.

**VI. Motion for Copies**

Petitioner has requested copies of five documents previously filed in this case. [Doc. No. 67.]  When a court has granted pauper status to a habeas petitioner, that court may order the clerk of court to furnish the petitioner with certified copies of documents or parts of the record.  28 U.S.C. § 2250.  The Court **GRANTS** Petitioner's first four requests and **DENIES** Petitioner's fifth request.  Thus, the Court **DIRECTS** the Clerk of Court to furnish Petitioner with one copy each of Docket Nos. 61, 64, 65, and 66.

*Conclusion*

For the foregoing reasons, the Court **GRANTS** Petitioner's Application as to Claim 1, **DENIES** Petitioner's Application as to Claims 2 and 3, and **GRANTS** Petitioner's Application as to Claim 4.  The Court **GRANTS** Petitioner's Motion for Leave to Appeal in Forma Pauperis.  The Court **GRANTS IN PART** Petitioner's Motion for Copies.

**IT IS SO ORDERED.**

DATED:  November 13, 2008

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All Parties of Record